Raj Christopher **GUPTA, Petitioner—Appellant,**

v.

Dave **RUNNELS, Respondent—Appellee.**

No. 03–56542.

D.C. No. CV–00–13145–HLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2004.

Decided Oct. 29, 2004.

Raj Christopher Gupta, Blyth, CA, pro se.

Kenneth M. Stern, Esq., Woodland Hills, CA, for Petitioner–Appellant.

Kyle Brodie, G. Tracey Letteau, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before OAKES,* KLEINFELD, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Raj Gupta appeals from the district court's judgment denying his 28 U.S.C. § 2254 application for habeas relief. After a trial in the Los Angeles Superior Court, a jury convicted Gupta of selling marijuana to an undercover law enforcement officer. The conviction was Gupta's "third strike" and resulted in a sentence of 53 years to life. The California Court of Appeal and California Supreme Court each affirmed his conviction and denied his subsequent petition for habeas relief.

For the reasons that follow, we hereby reverse the judgment of the district court and remand with instructions to grant Gupta's application for the writ and order a new trial for the defendant.

We may grant habeas relief where a state court's decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or if the proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2) (2004).

We find that the state courts' decisions permitting the government to withhold the identity of the confidential informant, known only as Josh, who helped set up the commission of the crime and was present at its occurrence, was contrary to clearly established federal law as determined by the Supreme Court in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), because Josh was a participant in and a material witness to the sale. In *Roviaro*, the Court held that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [to withhold from disclosure the identity of government informants] must give way." 353 U.S. at 60–61, 77 S.Ct. 623. In circumstances substantially similar to those presented in this case, the undisclosed informant in *Roviaro* "had helped to set up the criminal occurrence [a narcotics sale] and had played a prominent part in it. His testimony might have disclosed an entrapment." *Id.* at 64, 77 S.Ct. 623. The Court concluded the trial court committed prejudicial error in permitting the nondisclosure. *Id.* at 64–65, 77 S.Ct. 623.

In Gupta's case, the theory of defense at trial was entrapment, and a review of the record makes clear that disclosure of Josh's identity, and the ability of defense counsel to interview him and to possibly call him as a witness, would have been relevant and helpful to Gupta's defense.

Josh, who had previously known Gupta, contacted him about the possibility of a sale to an undercover agent. At their

---

* Hon. James L. Oakes, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**818**

designated meeting place, he walked Gupta over to the undercover agent's truck, introduced them, and sat in the truck with them during the negotiation of the sale. During the *ex parte* in camera examination of Josh, he admitted that he participated in setting up the drug deal with the undercover agent, that he himself had more than one phone conversation with Gupta regarding the sale, that he was present in the undercover agent's truck during negotiation of the sale for approximately 20 to 25 minutes, and that he was present again for the transaction and signaled to the undercover officers when he observed marijuana in Gupta's truck. He also conceded, with some subsequent equivocation, that Gupta had expressed reservation and hesitation about going forward with the deal. Furthermore, an earlier *ex parte* in camera examination of a law enforcement officer involved in the case revealed that Josh, who was awaiting trial on a narcotics violation, had been willing to cooperate with law enforcement with the hope of a recommendation of leniency in his own case.

We conclude that under these circumstances the trial court committed prejudicial error, under *Roviaro*, in permitting the state to withhold the identity of its informer. The state courts' decisions affirming the conviction are also contrary to *Roviaro*. We therefore reverse the district court's denial of habeas relief and remand for issuance of the writ and an order for a new trial.

REVERSED and REMANDED.

CALLAHAN, Circuit Judge, dissenting.

CALLAHAN, Circuit Judge.

In deciding not to disclose the confidential informant's identity, the state trial court properly balanced the public interest in protecting the flow of information against the individual's right to prepare his defense. *See Roviaro v. United States,*

353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The Court of Appeal's affirmance of this decision was neither contrary to nor an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d)(1) and (2) (2004); *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir.2003). Accordingly, I respectfully dissent and would affirm the judgment of the district court.